# EXHIBIT "A"

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500
Philadelphia, PA  19102
Phone: 215-587-0038
Email: jared@zafranlaw.com

FILED
PROTHONOTARY
2023 MAY 24  AM 11: 23
CLERK OF COURTS OFFICE
COUNTY OF COLUMBIA, PA

**MAJOR CASE ASSESSMENT OF DAMAGES IS REQUIRED.**

Attorney for Plaintiffs

| | |
|---|---|
| NELSON PAJARON<br>1635 Pirkle Road, Apt. 912<br>Norcross, GA 30093<br>and<br>LLAMILA CARVAJAL<br>1635 Pirkle Road, Apt. 912<br>Norcross, GA 30093<br>     *Plaintiffs*<br>vs.<br>RICHARD SCOTT HART<br>5601 Belleville Road<br>Canton, MI 48188<br>and<br>A. D. TRANSPORT EXPRESS, INC.<br>5601 Belleville Road<br>Canton, MI 48188<br>and<br>A. D. EQUIPMENT, INC.<br>5601 Belleville Road<br>Canton, MI 48188<br>     *Defendants* | COURT OF COMMON PLEAS<br>COLUMBIA COUNTY, PA<br>CIVIL ACTION<br><br><br><br>NO.: 2023-CV-60 |

## NOTICE

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Pennsylvania Bar Association
Lawyer Referral and Information Service
100 S. State Street
Harrisburg, PA 17101
(717) 238-6807

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociación De Licenciados De Pennsylvania
Servicio de Referencia E Información Legal
100 S. State Street
Harrisburg, PA 17101
(717) 238-6807

THE LAW OFFICE OF JARED S. ZAFRAN, LLC
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
Phone: 215-587-0038
Email: jared@zafranlaw.com

FILED
PROTHONOTARY
2023 MAY 24  AM 11: 23
CLERK OF COURTS OFFICE
COUNTY OF COLUMBIA, PA

**MAJOR CASE ASSESSMENT OF DAMAGES IS REQUIRED.**

Attorney for Plaintiffs

| | |
|---|---|
| NELSON PAJARON<br>1635 Pirkle Road, Apt. 912<br>Norcross, GA 30093<br>and<br>LLAMILA CARVAJAL<br>1635 Pirkle Road, Apt. 912<br>Norcross, GA 30093<br>              *Plaintiffs*<br>vs.<br>RICHARD SCOTT HART<br>5601 Belleville Road<br>Canton, MI 48188<br>and<br>A. D. TRANSPORT EXPRESS, INC.<br>5601 Belleville Road<br>Canton, MI 48188<br>and<br>A. D. EQUIPMENT, INC.<br>5601 Belleville Road<br>Canton, MI 48188<br>              *Defendants* | COURT OF COMMON PLEAS<br>COLUMBIA COUNTY, PA<br>CIVIL ACTION<br><br><br><br>NO.: 2023-CV-60 |

## COMPLAINT

1. Plaintiff, Nelson Pajaron, is an adult individual currently residing at the above-captioned address.

2. Plaintiff, Llamila Carvajal, is an adult individual currently residing at the above-captioned address.

3. Defendant, Richard Scott Hart, is an adult individual, who on information and belief at all relevant times was residing at the above-captioned address, and who at all relevant times herein was on information and belief the agent, servant, workman and/ or employee of

defendants A. D. Transport Express, Inc. and A. D. Equipment, Inc. and/ or either of them acting within the course and scope of said employment.

4. Defendant, A. D. Transport Express, Inc., is a foreign corporation which engages in interstate shipping and transportation of goods, including within the Commonwealth of Pennsylvania, and may be served at their above-captioned corporate headquarters.

5. Defendant, A. D. Equipment, Inc., is a foreign corporation which engages in interstate shipping and transportation of goods, including within the Commonwealth of Pennsylvania, and may be served at their above-captioned corporate headquarters.

6. On January 27, 2021, Plaintiff, Nelson Pajaron, was the operator of a motor vehicle with Plaintiff, Llamila Carvajal, as a passenger, legally parked in the parking lot of a truck stop located in the Town of Bloomsburg in the County of Columbia, Commonwealth of Pennsylvania.

7. At the aforementioned time and place, Defendant, Richard Scott Hart, was operating a motor vehicle within the course of his employment for Defendant(s), A. D. Transport Express, Inc. and/or A. D. Equipment, Inc., traveling in the parking lot of the aforesaid truck stop located in the town of Bloomsburg in the County of Columbia, Commonwealth of Pennsylvania.

8. At the aforementioned time and place, Defendant, Richard Scott Hart, for reasons unknown, ignored the traffic conditions then present in the parking lot of the aforementioned truck stop, carelessly and negligently failed to keep a proper lookout for other vehicles then present in the parking lot and in so doing, forcibly collided with the driver's side cabin of the parked vehicle occupied by Plaintiffs, Nelson Pajaron and Llamila Carvajal.

9. As a direct and proximate result of the above averred forcible collision that was factually caused by the negligence of the Defendant(s), Plaintiffs, Nelson Pajaron and Llamila

Carvajal, suffered serious, severe, and/or permanent physical injuries, and/or serious impairment of bodily function, economic damages including but not limited to medical bills and out of pocket expenses, and other injuries, damages and/or losses as more fully set forth herein.

10. This accident directly and proximately resulted solely from the carelessness and/or negligence of Defendants, Richard Scott Hart, A. D. Transport Express, Inc., and A. D. Equipment, Inc., and was due in no manner whatsoever to any act or omission of the Plaintiffs in the operation of a motor vehicle.

## COUNT I – NEGLIGENCE
### NELSON PAJARON vs RICHARD SCOTT HART & A. D. TRANSPORT EXPRESS, INC. & A. D. EQUIPMENT, INC.

11. Plaintiff, Nelson Pajaron, incorporates by reference thereto all paragraphs above inclusive, as though the same were set forth herein at length.

12. The negligence and carelessness of Defendant, Richard Scott Hart, and, vicariously by operation of the doctrine of Respondeat Superior, of Defendants, A. D. Transport Express, Inc. and A. D. Equipment, Inc., consisted of, *inter alia:*

   (a) Failing to properly operate their vehicle in regard to traffic on a street, road or parking lot;

   (b) Failing to operate a motor vehicle in accordance with existing traffic conditions and traffic controls;

   (c) Failing to operate a motor vehicle under proper and adequate control;

   (d) Failing to apply the vehicle's brakes in a timely manner before colliding with the rear of the parked motor vehicle occupied by Plaintiffs;

   (e) Failing to keep a proper lookout for other motor vehicles lawfully parked in the parking lot;

(f) Operating a vehicle at a speed greater than was reasonable and prudent under the conditions then and there existing, in violation of Section 3361 of the Motor Vehicle Code, 75 Pa.C.S. §3361; and,

(g) Operating a vehicle at a speed greater than would permit them to bring the vehicle to a stop within the assured clear distance ahead, in violation of Section 3361 of the Motor Vehicle Code, 75 Pa.C.S. §3361.

13. As a direct and proximate result of this collision, Plaintiff, Nelson Pajaron, suffered injuries which are or may be serious and permanent, including but not limited to neck, back, shoulder, and left knee injuries, as well as other ills and injuries, a claim for which is made herein.

14. As a further direct and proximate result of this collision, Plaintiff, Nelson Pajaron, has undergone reasonable and necessary medical treatment and rehabilitative services for the injuries he sustained, incurred various expenses for said treatment and services, and he may incur various reasonable and necessary future medical expenses from the injuries he sustained, including as to subrogation liens, for which this Defendant is solely liable, a claim for which is made herein.

15. As a further direct and proximate result of the aforesaid collision caused solely by this Defendant's negligence, Plaintiff, Nelson Pajaron, has suffered a loss of past earnings and the impairment of his future earning capacity, all to his ongoing detriment and loss, a claim for which is made herein.

16. As a further direct and proximate result of the aforementioned collision, Plaintiff, Nelson Pajaron, may hereafter incur other financial expenses and losses, all to his ongoing detriment and loss, a claim for which is made herein.

17. As a further direct and proximate result of the aforementioned collision, Plaintiff, Nelson Pajaron, may hereafter incur property damage, vehicle rental and storage expenses and losses, all to his ongoing detriment and loss, a claim for which is made herein.

18. As a further direct and proximate result of the aforementioned collision, Plaintiff, Nelson Pajaron, has suffered physical pain, aches, emotional distress and humiliation, inconveniences, loss of enjoyment of life, and scars and/or disfigurement, and he may continue to suffer same for an indefinite time in the future, all to his ongoing detriment and loss, a claim for all of which is herein made.

19. As a further direct and proximate result of this collision caused solely by Defendant's negligence, Plaintiff, Nelson Pajaron, has been unable to fully attend to his daily chores, duties, occupations and activities of daily living, and/or has been rendered at least partially functionally impaired, and may continue to remain in such condition for an indefinite period of time in the future, all to his ongoing detriment and loss, a claim for which is made herein.

**WHEREFORE**, Plaintiff, Nelson Pajaron, respectfully demands judgment in his favor and against above Defendant, Richard Scott Hart, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest costs and damages for delay.

### COUNT II – NEGLIGENCE
### LLAMILA CARVAJAL vs RICHARD SCOTT HART & A. D. TRANSPORT EXPRESS, INC. & A. D. EQUIPMENT, INC.

20. Plaintiff, Llamila Carvajal, incorporates, by reference thereto, all paragraphs above inclusive, as though the same were set forth herein, at length.

21. The negligence and carelessness of Defendant, Richard Scott Hart, and, vicariously by operation of the doctrine of Respondeat Superior, of Defendants, A. D. Transport

Express, Inc. and A. D. Equipment, Inc., consisted of, *inter alia*:

(a) Failing to properly operate their vehicle in regard to traffic on a street, road or parking lot;

(b) Failing to operate a motor vehicle in accordance with existing traffic conditions and traffic controls;

(c) Failing to operate a motor vehicle under proper and adequate control;

(d) Failing to apply the vehicle's brakes in a timely manner before colliding with the rear of the parked motor vehicle occupied by Plaintiffs;

(e) Failing to keep a proper lookout for other motor vehicles lawfully parked in the parking lot;

(f) Operating a vehicle at a speed greater than was reasonable and prudent under the conditions then and there existing, in violation of Section 3361 of the Motor Vehicle Code, 75 Pa.C.S. §3361; and,

(g) Operating a vehicle at a speed greater than would permit them to bring the vehicle to a stop within the assured clear distance ahead, in violation of Section 3361 of the Motor Vehicle Code, 75 Pa.C.S. §3361.

22. As a direct and proximate result of this collision, Plaintiff, Llamila Carvajal, suffered injuries which are or may be serious and permanent, including but not limited to neck, back, and head injuries, as well as other ills and injuries, a claim for which is made herein.

23. As a further direct and proximate result of this collision, Plaintiff, Llamila Carvajal, has undergone reasonable and necessary medical treatment and rehabilitative services for the injuries she sustained, incurred various expenses for said treatment and services, and she may incur various reasonable and necessary future medical expenses from the injuries she

sustained, including as to subrogation liens, for which this Defendant is solely liable, a claim for which is made herein.

24. As a further direct and proximate result of the aforesaid collision caused solely by this Defendant's negligence, Plaintiff, Llamila Carvajal, has suffered a loss of past earnings and the impairment of her future earning capacity, all to her ongoing detriment and loss, a claim for which is made herein.

25. As a further direct and proximate result of the aforementioned collision, Plaintiff, Llamila Carvajal, may hereafter incur other financial expenses and losses, all to her ongoing detriment and loss, a claim for which is made herein.

26. As a further direct and proximate result of the aforementioned collision, Plaintiff, Llamila Carvajal, may hereafter incur property damage, vehicle rental and storage expenses and losses, all to her ongoing detriment and loss, a claim for which is made herein.

27. As a further direct and proximate result of the aforementioned collision, Plaintiff, Llamila Carvajal, has suffered physical pain, aches, emotional distress and humiliation, inconveniences, loss of enjoyment of life, and scars and/or disfigurement, and she may continue to suffer same for an indefinite time in the future, all to her ongoing detriment and loss, a claim for all of which is herein made.

28. As a further direct and proximate result of this collision caused solely by Defendant's negligence, Plaintiff, Llamila Carvajal, has been unable to fully attend to her daily chores, duties, occupations and activities of daily living, and/or has been rendered at least partially functionally impaired, and may continue to remain in such condition for an indefinite period of time in the future, all to her ongoing detriment and loss, a claim for which is made herein.

**WHEREFORE**, Plaintiff, Llamila Carvajal, respectfully demands judgment against above Defendant, Richard Scott Hart, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest costs and damages for delay.

### COUNT III – NEGLIGENT ENTRUSTMENT
### NELSON PAJARON vs A. D. TRANSPORT EXPRESS, INC. & A. D. EQUIPMENT, INC.

29. Plaintiff, Nelson Pajaron, incorporates by reference thereto all paragraphs above inclusive, as though the same were set forth herein at length.

30. The negligence and carelessness of Defendants, A. D. Transport Express, Inc. and A. D. Equipment, Inc., consisted of the following:

    (a) Negligently entrusting their vehicle to Defendant, Richard Scott Hart, who was not qualified, licensed, and/or competent to operate aforesaid motor vehicle safely and/or with due care for others;

    (b) Negligently entrusting their vehicle to Defendant, Richard Scott Hart, who exhibited a disregard for the safety and well-being of other motorists;

    (c) Failing to properly train and/or instruct Defendant, Richard Scott Hart, in the safe operation and usage of Defendants' motor vehicle;

    (d) Negligently not ascertaining if Defendant, Richard Scott Hart, was qualified to operate a motor vehicle before lending their vehicle to Defendant, Richard Scott Hart; and,

    (e) Negligently failing to check if Defendant, Richard Scott Hart, possessed a valid driver's license before lending their vehicle to Defendant, Richard Scott Hart.

31. As a direct and proximate result of this collision, Plaintiff, Nelson Pajaron, suffered injuries which are or may be serious and permanent, including but not limited to neck,

back, shoulder, and left knee injuries, as well as other ills and injuries, a claim for which is made herein.

32. As a further direct and proximate result of this collision, Plaintiff, Nelson Pajaron, has undergone reasonable and necessary medical treatment and rehabilitative services for the injuries he sustained, incurred various expenses for said treatment and services, and he may incur various reasonable and necessary future medical expenses from the injuries he sustained, including as to subrogation liens, for which this Defendant is solely liable, a claim for which is made herein.

33. As a further direct and proximate result of the aforesaid collision caused solely by this Defendant's negligence, Plaintiff, Nelson Pajaron, has suffered a loss of past earnings and the impairment of his future earning capacity, all to his ongoing detriment and loss, a claim for which is made herein.

34. As a further direct and proximate result of the aforementioned collision, Plaintiff, Nelson Pajaron, may hereafter incur other financial expenses and losses, all to his ongoing detriment and loss, a claim for which is made herein.

35. As a further direct and proximate result of the aforementioned collision, Plaintiff, Nelson Pajaron, may hereafter incur property damage, vehicle rental and storage expenses and losses, all to his ongoing detriment and loss, a claim for which is made herein.

36. As a further direct and proximate result of the aforementioned collision, Plaintiff, Nelson Pajaron, has suffered physical pain, aches, emotional distress and humiliation, inconveniences, loss of enjoyment of life, and scars and/or disfigurement, and he may continue to suffer same for an indefinite time in the future, all to his ongoing detriment and loss, a claim for all of which is herein made.

37.     As a further direct and proximate result of this collision caused solely by Defendant's negligence, Plaintiff, Nelson Pajaron, has been unable to fully attend to his daily chores, duties, occupations and activities of daily living, and/or has been rendered at least partially functionally impaired, and may continue to remain in such condition for an indefinite period of time in the future, all to his ongoing detriment and loss, a claim for which is made herein.

**WHEREFORE**, Plaintiff, Nelson Pajaron, respectfully demands judgment against above Defendant, A. D. Transport Express, Inc., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest costs and damages for delay.

## COUNT IV – NEGLIGENT ENTRUSTMENT
## LLAMILA CARVAJAL vs A. D. TRANSPORT EXPRESS, INC. & A. D. EQUIPMENT, INC.

38.     Plaintiff, Llamila Carvajal, incorporates, by reference thereto, all paragraphs above inclusive, as though the same were set forth herein, at length.

39.     The negligence and carelessness of Defendants, A. D. Transport Express, Inc. and A. D. Equipment, Inc., consisted of the following:

(a) Negligently entrusting their vehicle to Defendant, Richard Scott Hart, who was not qualified, licensed, and/or competent to operate aforesaid motor vehicle safely and/or with due care for others;

(b) Negligently entrusting their vehicle to Defendant, Richard Scott Hart, who exhibited a disregard for the safety and well-being of other motorists;

(c) Failing to properly train and/or instruct Defendant, Richard Scott Hart, in the safe operation and usage of Defendants' motor vehicle;

(d) Negligently not ascertaining if Defendant, Richard Scott Hart, was qualified to operate a motor vehicle before lending their vehicle to Defendant, Richard Scott Hart; and,

(e) Negligently failing to check if Defendant, Richard Scott Hart, possessed a valid driver's license before lending their vehicle to Defendant, Richard Scott Hart.

40. As a direct and proximate result of this collision, Plaintiff, Llamila Carvajal, suffered injuries which are or may be serious and permanent, including but not limited to neck, back, and head injuries, as well as other ills and injuries, a claim for which is made herein.

41. As a further direct and proximate result of this collision, Plaintiff, Llamila Carvajal, has undergone reasonable and necessary medical treatment and rehabilitative services for the injuries she sustained, incurred various expenses for said treatment and services, and she may incur various reasonable and necessary future medical expenses from the injuries she sustained, including as to subrogation liens, for which this Defendant is solely liable, a claim for which is made herein.

42. As a further direct and proximate result of the aforesaid collision caused solely by this Defendant's negligence, Plaintiff, Llamila Carvajal, has suffered a loss of past earnings and the impairment of her future earning capacity, all to her ongoing detriment and loss, a claim for which is made herein.

43. As a further direct and proximate result of the aforementioned collision, Plaintiff, Llamila Carvajal, may hereafter incur other financial expenses and losses, all to her ongoing detriment and loss, a claim for which is made herein.

44. As a further direct and proximate result of the aforementioned collision, Plaintiff,

Llamila Carvajal, may hereafter incur property damage, vehicle rental and storage expenses and losses, all to her ongoing detriment and loss, a claim for which is made herein.

45. As a further direct and proximate result of the aforementioned collision, Plaintiff, Llamila Carvajal, has suffered physical pain, aches, emotional distress and humiliation, inconveniences, loss of enjoyment of life, and scars and/or disfigurement, and she may continue to suffer same for an indefinite time in the future, all to her ongoing detriment and loss, a claim for all of which is herein made.

46. As a further direct and proximate result of this collision caused solely by Defendant's negligence, Plaintiff, Llamila Carvajal, has been unable to fully attend to her daily chores, duties, occupations and activities of daily living, and/or has been rendered at least partially functionally impaired, and may continue to remain in such condition for an indefinite period of time in the future, all to her ongoing detriment and loss, a claim for which is made herein.

**WHEREFORE**, Plaintiff, Llamila Carvajal, respectfully demands judgment against above Defendant, A. D. Transport Express, Inc., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest costs and damages for delay.

THE LAW OFFICE OF JARED S. ZAFRAN, LLC

BY: _____*Jared S. Zafran*_____
JARED S. ZAFRAN, ESQUIRE
*Attorney for Plaintiffs*

## VERIFICATION

I, Nelson Pajaron, state that I am the Plaintiff in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

_____
Nelson Pajaron
ID kCcipWEjvsrQrF39b2fmzVb8

Date: 5/18/2023

# eSignature Details

**Signer ID:** WoVNEkZE9vqJy2BjaKkvAW4Y
Signed by: Llamila Carvajal
Sent to email: dailyleo1315@gmail.com
IP Address: 172.58.155.30
Signed at: May 8 2023, 2:16 pm EDT